**234**

1841.

Laurie
v.
Laurie.

LAURIE vs. LAURIE.

An injunction should be clear and explicit in its terms, and should not deprive the defendant of any right which the case made by the bill does not require he should be restrained from exercising.

An injunction restraining a husband from annoying, following, or claiming, his wife and children, is not violated by his writing a letter to his wife, although he reflects in such letter upon her alleged misconduct.

In a suit commenced by a wife against her husband, for a separation, an injunction master is not authorized to allow an injunction which will deprive the husband of the custody and control of his children.

The power to grant such an injunction is alone possessed by the court of chancery, and cannot be delegated by the court to an injunction master.

An injunction master may, however, in a proper case, allow an injunction restraining the defendant from carrying the children of the marriage or permitting them to be carried out of the state, until an application can be made to the court for an order declaring which party shall have the custody of such children pending the litigation.

Where money is advanced by the defendant, to the next friend of the wife, under an order of the court, to enable such next friend to carry on her suit for a separation; if she fails in obtaining a decree of separation, the next friend may be compelled to refund the money so advanced to the defendant with interest; and the order for such allowance should contain a provision to the effect, that the moneys so advanced are to be restored to the defendant by the next friend, with interest, if the court shall thereafter direct it to be done.

As a general rule, the court ought not to make any order ex parte, on the subject of the care and custody of the children pending a suit between husband and wife for a separation.

July 20. THE bill in this cause was filed for a separation, on account of the alleged cruel usage of the complainant by her husband. Upon filing the bill, an exparte injunction had been allowed, by an injunction master, to restrain the defendant from *annoying*, following, harming, taking possession of, or offering any personal violence to, his wife or his children. On the coming in of the answer, an application was made to dissolve the injunction. A cross application was also made, by the complainant, for an attachment against the defendant for an alleged violation of the injunction; and a further application for alimony and for an allowance to carry on the suit.

*J. Rhoades,* for the complainant.

*A. Thompson,* for the defendant.

THE CHANCELLOR.   It is evident from the language of
the injunction in this case that it was allowed without due
consideration.  'As the defendant is bound to obey the pro-
cess of the court at his peril, the language of the injunction
should in 'all cases be so clear and explicit that an unlearn-
ed man can understand its meaning, without the necessity
of employing counsel to advise him what he has a right to
do to save him from subjecting himself to punishment for
a breach of the injunction.   And the language of the writ
should at the same time be so restricted as not to deprive
him of any rights which the case made by the bill does not
require that he should be restrained from exercising.  ' Here
the defendant is not only restrained from offering any per-
sonal violence to his wife and children, who have left his
house, but he is prohibited from annoying them, following
them, or even *claiming them.*   And an application is now
made to punish him for a breach of this injunction, on the
ground that he has *annoyed* his wife by writing a letter to
her, informing her that he had sent her some bedding and
clothing which her next friend had requested him to send
to her; but which letter also contained passages reflecting
severely upon her conduct.

Again ;  the injunction master was not authorized to
grant an injunction the effect of which was to deprive the
defendant of the custody and control of his children.   The
statute authorizes this court, upon a bill filed for a divorce
or separation, to provide for the care and custody of the
children of the marriage, pending the litigation, as it may
deem necessary or proper.   But that is a power which
cannot be delegated by the court to an injunction master.
And as a general rule no order upon the subject should be
made by the court itself *ex parte,* except in a case of urgent
necessity.   An injunction however may be allowed, in a
proper case, to restrain the defendant from carrying the

children of the marriage or permitting them to be carried out of the state, and beyond the jurisdiction of the court, until an application can be made to the court for an order declaring which party shall have their custody pending the litigation. Without inquiring whether any part of the injunction as originally granted was proper, the answer appears to be a substantial denial of any cruel treatment which would entitle the wife to a decree of separation. The injunction must therefore be dissolved.

Giving the utmost latitude to the clause of the injunction restraining the defendant from annoying his wife, or claiming his children, I do not think he has done any thing which can properly be considered a violation of its provisions. It appears that the letter was written at the suggestion of the next friend of the complainant, and put into his hands unsealed, so that he might look at it and deliver it to her if he thought proper. He cannot therefore complain, in her behalf, that the harsh clauses contained in that letter was a violation of the injunction; although they had no relation to the necessaries sent for the use of the complainant and her child, on account of which the defendant was asked to write the letter. If the letter was a breach of the injunction, the next friend should not have delivered it to her; and if he had kept it from her, she could not have been annoyed either by the civil or uncivil clauses contained therein. The claim to his child, as appears by the affidavits produced by the defendant, was nothing more than an expression of a wish to have back his youngest child, and a hope that the chancellor would restore it to him; declaring at the same time to Mrs. Dogherty that he would not act in opposition to the injunction. He correctly concluded that an application to the court, to have the custody of the child restored to him, could not be properly considered such a claiming of his child as would amount to a breach of this extraordinary injunction. The motion for an attachment must, therefore, be denied, with costs to be paid by the next friend, who is legally liable therefor.

It does not distinctly appear from the affidavits on the part of the defendant that he is entirely destitute of property. There must therefore be the usual reference to a master to report what will be a proper allowance to be paid to the next friend of the complainant, to enable her to carry on the suit, and to be refunded to the defendant, with interest, by such next friend, if she fails in obtaining a decree of separation ; and also to report what will be a proper allowance for her support pending the suit. But it may be proper to suggest that under the circumstances of this case, as they appear from the affidavits on the part of the defendant, if it satisfactorily appears to the master that the defendant is entirely destitute of any property except that which is already in the custody of the complainant, no allowance should be made by him for either object.

Until the further order of the court the complainant is to have the custody of the youngest child, and the defendant the care and custody of the two eldest ; with liberty to either party to apply for such change of custody as he or she may be advised to make. Upon such an application she will have an opportunity to repel the charge now made against her, by the affidavits, that she indulges in the too frequent use of intoxicating liquors.