1846.

WADDELL
v.
BRUEN.

---

WADDELL and wife v. BRUEN and others.

An injunction is not to be granted on filing a bill, where it is not essential to secure rights and where the filing of a notice of *lis pendens* will answer. Injunction dissolved where the allegations embracing the equity are on information and belief.

BILL filed against the defendant Matthias Bruen, on the ground that he, being trustee, wrongly took the title in himself and in the defendant Alexander M. Bruen; and that certain releases, executed by the complainants, were void. The allegations, embracing the equity, were charged on information and belief. A preliminary injunction had been granted; a motion was now made on the bill alone, to dissolve it.

*Jan.* 28, 1846.

*Practice.*
*Injunction.*

Mr. *Bidwell*, for the motion.

Mr. *Ellingwood* and Mr. *G. Wood*, opposed.

THE VICE-CHANCELLOR:—The bill, on its face, shows a clear case enough for equitable relief. But the material allegations are only on the complainant's information and belief. They are not such allegations, therefore, as entitle the complainants to a preliminary injunction. Nor is such an injunction essential in order to secure the complainants in their rights. The filing of a *lis pendens* will answer all the purposes of the injunction granted *in limine : Osborn* v. *Taylor*, 5 Paige's C. R. 515.

Injunction dissolved. Costs may abide the event.