## SUPREME COURT.

### FINNEGAN agt. LEE and others.

It is the settled practice, that a *preliminary injunction* cannot be sustained, when all the *equities* of the complaint are *denied* by the answer.

*State Internal Improvement Bonds*, and *Railroad Bonds*, are *negotiable securities*, the title to which will pass by delivery, and, unlike *certificates of stock*, are valid securities in the hands of *bona fide* holders against existing equities between the partes.

*New-York Special Term, December*, 1859.
MOTION to dissolve injunction.

DAVIES, Justice. The facts appearing in this case are, that the plaintiff, being indebted to the Ohio Life Insurance and Trust Company in a large amount, deposited with said company, as collateral security therefor, one hundred and sixteen Florida Internal Improvement Bonds, of $1,000 each, and fifty-eight Florida Railroad Freeland Bonds, of $1,000 each.

It is alleged in the complaint, that the Trust Company transferred to the defendant, James Lee, in fraud of the plaintiff's right, for some pretended claim which he had against said company, eighty of the said Internal Improvement Bonds, and thirty of said Freeland Bonds. It is also alleged that said claim of said defendant Lee has been paid, and, notwithstanding said payment, he claims to hold such bonds. The complaint also alleges that after the payment of the debt due to defendant Lee, he knew of the fraudulent disposition of said bonds, and has refused to deliver said bonds; and that he has other collateral security for such claims. It was also alleged that the Trust Company was insolvent; that the defendant Lee was not responsible for the damages which the plaintiffs would sustain, if he was permitted to sell and dispose of said bonds as he threatened to do; and that the other defendants, the said company and its receivers, had no claim, right or title to said bonds, and have colluded with said defendant

Finnegan agt. Lee.

Lee, in the sale and disposition thereof by him. On these allegations an injunction was granted, restraining the sale and disposition of said bonds.

The defendant Lee has answered the complaint, and the facts appearing by said answer, and not controverted on this motion, are, that on the 14th May, 1857, the cashier of the Ohio Life and Trust Company deposited with the defendant Lee the said eighty bonds, as collateral security for moneys then loaned said company, and as collateral to all moneys which said company might thereafter borrow of him; and that, on the 14th of August, 1857, the said cashier deposited with him the said thirty bonds, as additional collateral security for the moneys theretofore borrowed, and for other moneys then borrowed, and thereafter to be borrowed; and he denies that he had any knowledge that said company was not the owner of said bonds, and had not good right to transfer and dispose of the same.

And he avers that said money was advanced on said bonds in the ordinary course of business, and without any notice express or implied, or any provision or reason to believe that the said company was not the sole and absolute, and lawful owners thereof, and fully entitled thereto.

A motion is now made, on the complaint and answer, to vacate the injunction.

It is clear to my mind, on examination of the pleadings in this case, that the injunction cannot stand. All the equities of the complaint are denied by the answer; and it is the settled practice, that a preliminary injunction cannot be sustained when all the equities of the complaint are denied by the answer. (*Blatchford* agt. *New-York and New-Haven Railroad*, affirmed at *General Term*, 7 *Abbott*, 322.) But it was earnestly contended on the argument that these bonds were to be regarded as certificates of stock, and that the defendant Lee took them subject to all the equities of the plaintiff, as against the Ohio Trust Company. The New-Haven case, in the court of appeals, is cited as an authority for this position. But that can only decide that certificates of stock are not negotiable,

Finnegan agt. Lee.

so as to cut off the equities of the parties, but does not extend to bonds, such as are in testimony in this case. I had always supposed that, since the decision of the court of errors of this state, in the case of *Delafield* agt. *The State of Illinois*, it was the well-settled law of this state, that such securities being negotiable, they were rendered valid in the hands of a *bona fide* holder.

In that case BRONSON, Justice, in delivering the opinion of the court, which was nearly unanimously concurred in, says: "The bonds are negotiable instruments, the title to which will pass by the delivery, and although void in the hands of the appellant, they will be valid securities in the hands of a *bona fide* holder." (2 *Hill's Rep.* 177.) The same principle has been re-affirmed by the court of appeals in this state, at the March term, 1859, in the case of *Bank of Rome* agt. *Village of Rome* (19 *New-York Rep.* 20).

The court, in giving its opinion, refer to the case of *Delafield* agt. *The State of Illinois* with approbation, as settling the rule of law. It must, then, be regarded as the law of this state.

The same rule has been laid down in the New-Jersey court of appeals, in the case of *The Morris Canal and Banking Company* agt. *Fisher* (*Am. Law Register*, 423). The books are full of cases holding a similar doctrine, and, certainly, in this state there can be no controversy that such is the law.

The motion to dissolve the injunction, as to the defendant Lee, is granted, with costs; and the undertaking, given on issuing the injunction, is ordered to be delivered to him for prosecution, that he may recover such damages as he has sustained by the issuing of the injunction.