## SUPREME COURT.

WILLIAM T. MILLS agt. DAVID S. MILLS and WM. DOLSEN.

Where it appears that the plaintiff is fully protected by his possession of the premises, and by the filing of a notice of *lis pendens* against any alienation or disposition of the property, no *injunction* for the prevention thereof is necessary. And especially will the application for an injunction be denied, where, under the circumstances, the plaintiff's right to ultimate relief is too doubtful to entitle him to a preliminary injunction.

*Kings Special Term, March,* 1860.
MOTION for injunction, &c.

LOTT, Justice. The equity of the complaint is fully denied by the answers of the defendants. It thereby appears that the plaintiff is not entitled to any relief or rights under the agreement between him and the defendant Mills, as the act of the legislature, which was in the contemplation of the parties thereto, was never, in fact, obtained, and that the law which was enacted was not only more onerous in its provisions, but not assented to by them. Assuming, however, it to be otherwise, yet the performance of—or even offer by the plaintiff to perform—his part of the agreement is denied by the answers; and if it be conceded that the affidavits on the part of the plaintiff presented on the motion were admissible, yet I think they, instead of denying the defendants' allegations, show that no action on the part of the plaintiff, towards the performance of his agreement, was taken till nearly a year after the law of June 29, 1853, was passed, and that a tender, in fact, was not made till in April, 1855. Under such circumstances, the plaintiff's right to ultimate relief, is too doubtful to entitle him to a preliminary injunction. He is fully protected by his possession, and by the filing of a notice of *lis pendens* against any alienation or disposition of the property, and no injunction for the prevention thereof is necessary. And

as to the alleged execution and delivery of the deed in escrow, it is shown that the delivery thereof was on terms and conditions not embraced within the agreement, and that the plaintiff, upon a tender thereof, refused to accept the same upon those terms, and that it was thereupon cancelled,—which I understand to mean that it was to all intents and purposes destroyed, and rendered ineffectual and inoperative for any purpose.

I may add that the defendant Dolsen denies all notice of the agreement, and of any claim or right, on the part of the plaintiff, to the premises, and sets up a *bona fide* consideration for the deed to him. There is, therefore, no ground for interfering with him as a party taking title with notice. The agreement gave no right of possession to the plaintiff, and the allegation that he took possession under it, or with the consent of the defendant Mills, in part execution of the agreement is denied by him.

Upon the whole, therefore, there is no sufficient foundation for an injunction upon the facts as they are now presented. The motion for injunction denied, and order to show cause, &c., vacated; $10 costs of the motion to abide the event of the action. The original answers and affidavits must *be filed* on the entry of the order.