Barbour, Ch. J.
It does not appear to me to be necessary, upon this appeal, to express an opinion whether it was the intention of John Gregory, by the second item of his will, to devise his real estate to his wife and children, directly, without limitation as to proportions, or, to give all his estate, personal as well as real, to his executors in trust to receive the income of the realty and pay over to the wife so much thereoi as should be necessary for the support of herself and his four minor children, and the education of the latter, until his youngest child should reach the age of twenty-one years, and then to devide the entire estate between the wife and children in certain definite proportions. For, if a devise in trust was designed by the testator, such trust was void by the statute, because it involved an illegal suspension of the power óf alienation; and, therefore, either the wife and children became entitled to an absolute estate in the land, as devisees under the will, or it descended to the testator’s heirs at law ; and, in either case, the children are, at least in part, the owners in fee of the lands described in the complaint and covered by the order appealed from, subject, of course, to such equities, if any, as existed against them in favor of the plaintiff at the time of the death of John Gregory. The children of the decedent, therefore, being the owners in fee and in possession of the lands which are, as to them, the subject of the action, are entitled to the uninterrupted enjoyment of them, and to receive the rents and income thereof, unless the plaintiff, by the papers read upon his motion has proven facts, sufficient, at least prima facie, to entitle him to a judgment in this action against such legal owners, charging the property for the satisfaction of some equitable interest therein in his favor.
The first suit, brought some ten or twelve years ago, and which is still pending, is between the same parties as plaintiff and defendants, respectively, in *29 volves, substantially, the same cause of action, and demands for the plaintiff, so far as the lands are concerned, similar relief to that prayed for in the complaint in this the second action.
As I deem it improper to express any opinion, unnecessarily, upon this interlocutory question, touching the merits of the action, which may, .possibly, embarrass the court upon the final hearing, I will not here discuss the question as to the effect of the reversal or partial reversal of the judgment before Justice Hoeem ak in the first suit, beyond this :—Either the rights of the plaintiff in this action as against the children of William Gregory are fully and finally adjudicated and determined by the judgment in the first suit dismissing the complaint as to them, or, the effect of the reversal then was to open the judgment as to such children, so as to leave or reinstate them as parties defendant in the first suit, precisely the same as if no judgment had been rendered at special term in their favor; and, in either instance, it appears to me, the prosecution of this action cannot, properly, be permitted for any purpose so long as the first suit remains pending and undetermined. For, if the judgment in favor of the children is to be considered as final, the claims of the plaintiff against them because of his alleged equitable interest in the lands, have been fully adjudicated and determined thereby ; and such judgment is. therefore, a perpetual bar to any other suit or proceeding against them by the plaintiff, for the same cause of action. Or, if the children of John are still parties defendant in the first suit, the plaintiff may there have all the remedy, either by way of interlocutory orders or final decree, to which he can be entitled in a subsequent action between the same parties and embracing the same subject matter and cause of action. I may add that all the facts necessary to constitute a yalid plea in bar in case the former judgment is. in law, *30 - final as to the children, or in abatement, if the first action is still pending as to them, are set forth in the answer, as they well might be (Code, § 150 ; Sweet v. Tuttle, 14 N. Y. [4 Kern.], 465 ; Bridge v. Payson, 5 Sandf., 210), and those facts were proven upon the motion. It appears to me, therefore, that whether the facts so set forth in the answer are to be considered as constituting a sufficient plea in bar or in abatement, the order appealed from ought not to have been granted.
Be that, however, as it may, it is quite clear that an order restraining the defendant children of John Gregory from selling the lands of which they are the owners in fee, or from collecting the rents thereof, and appointing a receiver of the same, cannot properly be granted in an action like this, unless the plaintiff es-' tablishes the fact upon his motion, by legal evidence, that he has some equitable interest in the lands which will entitle him to the ultimate possession of the same, or some part or portion thereof; and so this court held, in effect, upon an appeal from an order amplifying the powers of a receiver of the same lands, in the first suit.
The only evidence given by the plaintiff, upon the motion, touching his alleged interest in the real estate, was contained in the complaint, verified by him, in an affidavit stating. that the facts. therein set forth were true of his own knowledge. There are two averments in the complaint, so verified, which the plaintiff’s counsel claims to be sufficient to prove that he has an equitable interest and ownership in the property, to wit:—First, the plaintiff alleges that by the mutual determination, consent and understanding of himself and his brother John Gregory, portions of the proceeds and profits ,of their partnership business were to be, and, from time to time, were, invested in the purchase of the several parcels of real estate therein described, *31 and that by a like mutual consent and understanding between them, the deeds and title of all the property so purchased were taken in the name of John Gregory, and thus stood at the time of his death. The second allegation relied upon, sets forth the fact that an order was made in the first suit directing certain issues to be tried before a jury ; that upon the trial of such issues the jury found that “each of said partners” (i. e., John and William Gregory), “was entitled to one half of all the proceeds, profits, and assets of said partnership, whether invested or existing in real or personal estate /” and that such verdict was confirmed by an order of the court.
It will, readily, be perceived that the verdict in question does not tend to establish the fact that the profits or assets of the partnership were invested in the particular lands which, so far as the children of John Gregory are concerned, on the subject of this action, or in any lands whatever, nor that this or any real estate ever belonged to the partnership firm. In fact, it is, merely, an attempt to determine by the verdict, of a jury a question of law in regard to the rights of the parties to the action ; the- very question, indeed, that must finally be decided by the judgment of the court as matter of law, after the proofs are closed. Indeed, it may be observed here, no question was submitted to the jury relating to the lands mentioned in the complaint or any other real estate. The verdict, therefore, proves nothing in regard to the alleged equitable interest of the plaintiff; and it follows that the only evidence before the court upon the motion, touching that important fact, must be found, if at all, in the statement of the plaintiff that the lands in question were purchased with the funds of the partnership, and conveyed to John Gregory, under an understanding and agreement between the two brothers to that effect.
That statement, it will be observed, relates to and *32 covers agreements and transactions had between the plaintiff and John Gregory, under whom his children, the real defendants here, derive their title to the lands which are the subject, and to reach which in equity is the object, of this action. The plaintiff, therefore, could not be permitted, himself, to testify to those facts as a witness, upon the trial of the suit; such facts being covered by the exceptions continued in section 399 of the Code.
It was the common practice of the former court of chancery to grant injunctions upon the unsupported affidavits of complainants, although such complainants were not entitled to be examined as witnesses in their own behalf upon the trial; and that practice is still continued by the courts under our present system. But, I know of no instance in which an injunction pendente lite, or an order appointing a receiver, founded, solely, upon facts set forth in an affidavit of the plaintiff, which, from their nature, it was impossible for the defendant to disprove or controvert, has ever been upheld. Indeed, it appears to me that a practice which permitted the granting of injunctions, or the appointment of receivers, upon affidavits of that character, would be so manifestly unjust and inequitable, that it ought not to obtain. Taking this case, itself, as an example;—it is easy to see, in the first place, that it was utterly impossible for the defendants to prove upon the hearing of the motion that no such understanding or agreement between the plaintiff and his deceased partner as is set forth by the former in his affidavit, was had or made; and, secondly, that either the agreement is in writing or some person other than the plaintiff knows and can testify to the necessary facts, or, if not, such facts cannot be proven by him upon the trial. If, then, the agreement was in writing, or if the facts could have been proven upon the motion by the affidavit of another person, such *33 writing or affidavit should have been produced by the plaintiff at the hearing, and his failure to present the same is presumptive evidence that he was unable to do so, and, consequently, that he cannot prove such facts upon the trial of the action so as to entitle himself to a judgment against the owners of the land, by reason of any equitable interest therein, founded upon such agreement; and, certainly, it would be unjust and inequitable to enjoin a defendant or appoint a receiver of his property, during the progress of an action to a trial in which there is no reason to suppose the plaintiff can succeed. Without here considering the question as to whether the prohibition in the Code against the examination of a party, in his own behalf, in relation to his transactions with a deceased person, applies to affidavits used upon a motion in an action. I am, therefore, of opinion that the affidavit of the plaintiff, alone, in regard to his dealings with his brother, was insufficient to entitle him to the order appealed from.
I am also of opinion, that the order appealed from was not necessary for the protection of the alleged interest of the plaintiff in the real estate in question, and, for that reason, that it was improperly granted.
The complaint alleges, that, at the time of the death of John Gregory, the real estate was worth upwards of seventy-five thousand dollars, over and above all incumbrances, that it has largely increased in value, and that the income of the same, after paying taxes, assessments, and interest on mortgages, is more than fourteen thousand dollars per annum, and that the evidence taken before the referee, in the first suit, shows that there is due to the plaintifffor Ms share of the assets and profits of the copartnership, more than fifty thousand dollars. As the referee was directed to ascertain and report the amount due the plaintiff as his share of the assets of the partnership, whether existing 3 *34 in real or personal estate, it may be assumed that the value of the lands in question is included in that • calculation ; and as the rents and income of the property amount to fourteen thousand dollars a year, alter paying taxes, &c., it may safely be inferred that the real estate is worth at least twice as much as the amount of the interest therein which the plaintiff claims to have proven before the referee. If, then, the plaintiff shall ultimately succeed in establishing either that the amount of his interest in the assets constitutes a debt against the estate of John Gregory, for the payment of which the lands in question are equitably chargeable, or, that he is, in equity, the owner of one-half of such lands, and is entitled to a conveyance thereof to himself in fee, there can be no doubt the property is fully sufficient to satisfy his claims, without resorting to the rents which may accrue hereafter during the pendency of the action. It seems clear, therefore, that no receiver of such rents nor any order restraining the defendants from collecting the. same, was necessary for the protection of the interests of the plaintiff; and, the filing of a Ms pendens notice will more effectually preserve the equitable interest which the plaintiff may have in the lands, themselves against a sale and conveyance by the defendants, than would an injunction restraining the owners in fee from selling the same; inasmuch as the former would be, in law, a notice to every purchaser, however innocent, while the latter would not. As, then, the interests of the plaintiff in the lands could have been fully protected by the filing of a Ms pendens, it follows that an order enjoining the defendants and appointing a receiver was unnecessary, and, therefore, improper (Mills v. Mills, 21 How. Pr., 437 ; Stevenson v. Fayerweather, Id., 449 ; Osborn v. Taylor, 5 Paige, 515 ; Waddell v. Brune, 4 Edw., 671).
For these reasons, I think the order appealed from should be reversed with costs.