ROBERT V. DUCKETT *vs.* JEREMIAH DUCKETT, SR.

*Gift from Father to Son—Specific Performance—Injunction—Compensation for Improvements—Lien.*

A bill in equity, filed by a son against his father, charged that the defendant being possessed of about four hundred acres of land, voluntarily divided the same into as many parts as he had children, and in consideration of natural love and affection, gave to each child a portion of the land so divided; that he gave to the complainant a tract of about sixty-two acres, of which he was put in possession by his father; that, at the same time, his father made a will devising the land accordingly; that he caused the tract allotted to the complainant to be surveyed, and had it transferred to him on the assessment books, and that he had paid the taxes thereon since such transfer; that relying on the gift and assurance of his father, as well as upon his said will, he had entered upon said tract, and had ever since remained in possession as owner thereof, and had made valuable improvements on the land, and had rented it; that subsequently the defendant served a notice on the tenant to quit at the end of thirty days, and had since instituted proceedings to oust him as a tenant holding over. The bill prayed for a specific performance, for a reimbursement of all money expended upon the premises during the occupancy of the complainant, for a receiver to receive the rents and profits of the premises pending the suit, for an injunction, and for general relief. The defendant demurred to the bill. HELD:

That upon the averments of the bill, which, upon the demurrer, must be assumed to be true, the complainant was entitled to the injunction asked for, to compensation for the improvements made by him, and to a decree establishing a lien therefor on the property.

---

Duckett *vs.* Duckett.

---

APPEAL from the Circuit Court for Prince George's County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, IRVING, BRYAN, and McSHERRY, J.

*Urie Townsend,* and *George R. Gaither, Jr.,* for the appellant.

*C. C. Magruder,* for the appellee.

MILLER, J., delivered the opinion of the Court.

This appeal is from an order sustaining a demurrer to the bill filed in January, 1889, by the appellant against the appellee, and dismissing the same.

This bill alleges and charges that in September, 1881, the defendant, who is complainant's father, being possessed of about four hundred acres of land, voluntarily divided the same into as many parts as he had children, and in consideration of natural love and affection, *gave* to each child a portion of the land so divided, that given to complainant being a tract of about sixty-two acres, of which he was put in possession by his father; that at the same time, his father made a will, which was exhibited to his children, by which he devised to each the portion laid off and designated as such child's part, including the sixty-two acres to the complainant; that his father caused this tract to be surveyed, and had the same transferred on the assessment books to the name of the complainant, who has paid the taxes thereon ever since such transfer; that relying on this gift and assurance of his father, as well as upon his said will, complainant entered upon this tract in September, 1881, and has ever since remained in possession as owner thereof;

that during this occupancy and still relying upon these assurances of his father that this land was to be, and in fact was, his property, he has expended about $1000 in permanent improvements thereon, by erecting a dwelling house, and out-buildings, and in repairing the barn, and has improved the land by fertilizers, and has also paid taxes thereon since 1884, to the amount of $59.10; that since February, 1885, the premises have been rented to one Simpson, as a yearly tenant of complainant, at a crop rent, who has been allowed to remain in undisturbed possession until about the 1st of December, 1888, when the defendant served a notice upon him to quit at the end of thirty days, and has since instituted proceedings to oust him as a tenant holding over ; and complainant charges that to be thus dispossessed of the land would be greatly to his injury, and would leave him without compensation for the money he has expended in permanent improvements as aforesaid, as well as without remedy at law.

The relief prayed is 1st, that the agreement as witnessed by this will of his father, to devise or convey to complainant the premises in question, may be specifically enforced; 2nd, that complainant may be reimbursed for all money expended upon the premises during his occupancy of the same; 3rd, that a receiver may be appointed to receive the rents and profits of the premises pending this suit; 4th, that defendant may be restrained by injunction from taking any other or further proceedings to oust the tenant of the complainant pending these proceedings; and 5th, for general relief.  The exhibits are the contract of renting between Simpson and the complainant, dated the 9th of February, 1885, and the tax bills paid by the latter, which support the averments of the bill in relation thereto.

As the case is presented we must assume the averments of the bill to be true; and we think there is error

in the decree appealed from, which denies the plaintiff any relief whatever. As we read this bill, it does not present the case merely of a promise by a father to give land to his son by will,—an instrument inherently revokable,—but a case where there was a positive gift by the father to the son of land which the father had laid off and designated as the son's share of his estate in the will which he then executed, and ·exhibited to· all his children. The son was put in immediate possession by the father, and was thus encouraged to treat the property as his own. He remained in undisturbed possession as owner, by himself and his tenant, from September, 1881, to December, 1888, and during his own occupancy expended at least $1000 of his own money in permanent improvements, with, as may be fairly inferred from the statements of the bill, his father's knowledge and assent. The father also had the land transferred on the assessment books from his own name to that of his son, and the latter thereafter paid the taxes thereon. The son made these improvements, and paid the taxes, relying upon the good faith of these assurances of his father that the land was˚ to be, and *in fact was,* his property. Upon this state of case, which, upon the demurrer, must be assumed to be true, we think it clear the complainant is entitled to the injunction prayed for. Neither he nor his tenant can be immediately and unconditionally ousted from possession by the defendant. He is also entitled to compensation for the improvements thus made, and to a decree establishing a lien therefor on the property. Relief to this extent, at least, is clearly authorized by the cases of *Shepherd vs. Bevin, et al.,* 9 *Gill,* 32; *Haines vs. Haines,* 4 *Md. Ch. Dec.,* 133, and same case on appeal in 6 *Md.,* 435; *Hardesty vs. Richardson, Ex'r,* 44 *Md.,* 617, and *King vs. Thompson,* 9 *Pet.,* 204. Whether, upon the same authorities, he would or would not be entitled to a decree for the immediate con-

veyance of the land to him by deed is a question we do not now decide. It may well be, so far as the bill shows, that both parties understood that the legal title should be made by and derived from the will of the father; and there is no averment that the will executed at the time has been destroyed, or that the father has changed his intentions in this respect, or that he will not eventually carry them out.

There is nothing to show that the son will not ultimately get the title under his father's will. This question, therefore, can better be decided after answer and proof. All that we now decide is that, upon the averments of the bill, the son is entitled to relief to the extent indicated. The whole aspect of the case may be changed upon the coming in of the answer and proof.

> *Decree reversed, and*
> *cause remanded.*

(Decided 15th November, 1889.)