WOOD, Supervisor, *v.* BOARD OF SUPERVISORS *et al.*

*(Supreme Court, General Term, Fifth Department.* April 11, 1890.)

RAILROAD AID BONDS—APPLICATION OF TAXES.

Under Laws N. Y. 1869, c. 907, § 4, as amended by Laws 1871, c. 283, providing that all taxes, except school and road taxes, collected by certain towns from a railroad in aid of which they should issue bonds, shall be paid into a sinking fund for the benefit of the towns, state and county, taxes, collected by the town from the railroad, and diverted to other uses by the county supervisors, may be recovered in an action by the town supervisor. Following *Strough* v. *Supervisors*, 23 N. E. Rep. 552.

Appeals from special term, Monroe county.

Action by Enos B. Wood, as supervisor of the town of Hamlin, against the board of supervisors of Monroe county and Alexander McVean. Defendants appeal from a judgment in favor of plaintiff for taxes levied and collected from the Lake Ontario Shore Railroad Company from 1880 to 1885, both inclusive, and which the county failed to invest as a sinking fund for the redemption of the bonds issued by the town of Hamlin in aid of that railroad, under Laws N. Y. 1869, c. 907, as amended by, Laws 1871, c. 283, and requiring such investments to be made. Plaintiff also appeals from a portion of the judgment on the ground that the amount was insufficient, inasmuch as the amount of the state tax collected by him was not included therein. For report of a former trial, see 23 N. E. Rep. 552.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*William J. Sutherland,* for appellants.     *Cassius C. Davy,* for respondent.

MACOMBER, J. In this case, upon the former appeal, (2 N. Y. Supp. 369,) this court reversed the judgment pronounced by the special term, unless the parties should stipulate that the amount of the recovery for state taxes received by the defendants should be deducted from the judgment. No such stipulation being given, the case went back for a new trial, and was tried before the same justice who heard it in the first instance; and he has made his decision in accordance with the principles laid down by this court on the former appeal, and has thrown out the amount of the state taxes collected by the county from the railroad company. That decision had, as was supposed, the support in principle of the case of *Bank* v. *Board*, 106 N. Y. 488, 13 N. E. Rep. 439, although the right of a town to recover from the county the amount of the state tax diverted from the sinking fund, under these statutes, was not directly before the court. Since the decision on the former appeal in this action, and the submission to us of this appeal, that question appears to have been distinctly raised in the case of *Strough* v. *Supervisors*, 23 N. E. Rep. 552, and decided in favor of the plaintiff's contention in this action. It follows, therefore, that the plaintiff's appeal must be sustained. It is not necessary, however, in this instance, to grant a new trial in order to correct the error. The amount of the state tax appears in the case, and is found as a fact in the findings of the learned justice, and is undisputed. Under these circumstances, we can direct the proper judgment to be entered. Code, § 1317. *Price* v. *Price*, 33 Hun, 432; *Marquat* v. *Marquat*, 12 N. Y. 336; *Syracuse Sav. Bank* v. *Syracuse, etc., Railroad Co.*, 88 N. Y. 110; *Smith* v. *Rathbun*, Id. 660. The judgment is accordingly modified so as to include in the recovery the amount of the state tax above mentioned, and as so modified affirmed, with costs to the plaintiff. All concur.