GRANT COUNTY V. COLONIAL & UNITED STATES MORTG. CO.

1. Sections 4644, 4645, Comp. Laws, establish the rule in this state that an instrument constitutes no cloud upon title, if its invalidity appear on its face, or if it necessarily appear from the evidence which the party claiming under it must use in order to enforce it.
2. A mortgage of real estate may be complete without any power of sale, (section 4336, Comp. Laws), and it is only a mortgage having an express power of sale that may be foreclosed by advertisement, (sections 5411, 5430, Comp. Laws.)
3. A deed executed in pursuance of proceedings to foreclose a mortgage by advertisement is not made *prima facie* evidence of title, so that to maintain title under such a deed, a power to sell must be shown.
4. A complaint, therefore, which only alleges that the mortgagors "made their certain mortgage, and by the terms thereof mortgaged the aforesaid premises," shows no authority to foreclose by advertisement, and consequently states no reason for enjoining such foreclosure sale, on the ground that such sale and deed would create a cloud upon the title to the mortgaged land so sold.
5. In an action to remove or prevent a cloud, or to quiet title, where the owner of the equity of redemption does not show any threatened or probable injury liable to accrue pending the litigation, that might not be fully provided against by filing notice of *lis pendens*. he is not entitled to the extraordinary protection of a temporary injunction.

6. Where all the equities of a complaint are positively, fully, and inevasively denied by a duly-verified answer, and neither side is supported by evidence outside the pleadings, a preliminary injunction ought not to stand.

(Syllabus by the Court.  Opinion filed Dec. 8, 1892.)

Appeal from circuit court, Grant county.  Hon. J. O. ANDREWS, Judge.

Action to cancel a mortgage and to enjoin its foreclosure.  A motion by defendant to dissolve a temporary injunction was overruled.  Defendant appeals.  Reversed.

The facts are stated in the opinion.

*B. A. Dodge* (*Little & Nunn* of counsel), for appellants.

A court of equity will grant an injunction to prevent the creation of a cloud on title, but will not grant an injunction to restrain an act which cannot create a cloud.  Gilman v. Van Brunt, 29 Minn. 271; Schroeder v. Gurney, 73 N. Y. 430; Schuyler v. Braughton, 65 Cal. 252; Hanson v. Johnson, 20 Minn. 194; Archbishop v. Shipman, 69 Cal. 586; Burr v. Hunt, 18 *Id.* 303; Nation v. Cameron, 2 Dak. 347; Clark v. Davenport, 95 N. Y. 477; Sanders v. Village, 63 *Id.* 481; McKinley v. Jewett, 90 N. Y. 58; Crocker v. Baker, 3 Abb. Pr. 182; Farland v. Wood, 14 S. E. 140.

If the tax deed gave plaintiff title it cuts out the mortgage and he cannot suffer by the foreclosure.  Walton v. Perkins, 28 Minn. 413; Kunderson v. Curley, 30 *Id.* 433.  When the equity of a complaint is denied by the answer the injunction should be dissolved.  Crocker v. Baker, 3 Abb. Pr. 182; Finnegan v. Lee, 18 How. Pr. 186; Gould v. Jackson, *Id.* 158.  Plaintiff could as well protect itself by filing a *lis pendens.*  Mills v. Mills, 21 How. Pr. 437; Stevens v. Fayerweather, 21 *Id.* 449.

*E. M. Bennett* (*Crawford & Deland* of counsel), for respondent.

A temporary injunction granted at the inception of an action will not be dissolved when issue is joined, unless the answer fully and unequivocally denies all the material allegations of the complaint.  High. Inj. §§ 895, 896; Moss v. Pettingill, 3 Minn. 217; Society v. Law, 2 C. G. Green, 19; Hoffman v. Hummer, 2 *Id.* 263.

When a court refuses to vacate an interlocutory injunction its decision should not be disturbed except in case of an abuse of discretion.  Sections 861 *et seq.* 899, 878, High. Inj.

KELLAM, J. This is an action brought by respondent, claiming to be the owner of the real estate described in the complaint, to cancel a certain mortgage as a lien upon said real estate, and to enjoin its foreclosure and a sale of the mortgaged premises, on the ground that such sale would cast a cloud upon respondent's title. Upon the complaint a temporary injunction was issued by the court. The appellant answered, and upon the complaint and answer moved to dissolve the injunction. The motion was denied, and this appeal is from such denial.

The complaint alleges that on the 8th day of August, 1884, William M. Evans and wife "made their certain mortgage dated on that day, and by the terms thereof mortgaged to the defendant * * * the aforesaid premises." It further alleges that afterwards said defendant, claiming that there had been default in payment, began foreclosing said mortgage by advertisement, and threatened to sell said mortgaged premises. These are all the allegations of the complaint in respect to the threatened sale, and, accepting the statements of the complaint as showing a good title in plaintiff, they are insufficient to justify the temporary injunction restraining the sale, in order to prevent the creation of a cloud upon such title, for the reason that they do not show any authority in the mortgagee to make such sale on account of default in payment. A mortgage of real estate is complete without any power of sale, (section 4366, Comp. Laws,) so that the allegation that Evans and wife "made their certain mortgage" is not an allegation that they made a mortgage containing a power of sale. If the mortgage contain an express power of sale, it may be foreclosed by advertisement, (section 5411, Comp. Laws;) otherwise it can only be foreclosed by action, (section 5430.) If, therefore, this mortgage contained no power of sale, any attempt by the mortgagee to make such sale would be nugatory and void, and a deed given in pursuance of such sale would be insufficient and worthless; for it would be evidence of title in the grantee only after it was shown that the mortgagee was authorized to sell, which in such case could not be done. An instrument constitutes no cloud upon title, if its invalidity either appear on its face, or if it necessarily appear in the evidence which the party claiming un-

der it must offer in order to enforce it.    This rule, while criticised
by Mr. Pomeroy, is recognized by him as settled by the weight
of authority.    See 3 Pom. Eq. Jur. p. 437, and a large number of
cases there cited.    In this jurisdiction, however, this rule is estab-
lished by statute.    Sections 4644, 4645.

There is no law making the deed to be given upon this threat-
ened foreclosure sale *prima facie* evidence of title, so that the
purchaser, before his deed would be admissible as evidence of title,
must show that the sale was authorized by the mortgage; in
other words, that the mortgage contained a power of sale.    But
no such power or fact is alleged in the complaint.    It would be
perfectly consistent with the complaint that the threatened sale
should be entirely unauthorized, in which event the evidence which
must necessarily be introduced by one claiming under such deed,
in any attempt to enforce it, would inevitably show its invalidity.
Such deed, under our statute, would create no cloud.    In this re-
spect the complaint was plainly defective, and did not entitle the
plaintiff to an injunction.

But the defendant answered, and, while not expressly reciting
that the mortgage contained a power of sale, so fully recognized
the fact as to supply the defect in the complaint, and prevent his
taking advantage of it.    In the complaint plaintiff alleges its title
to be a tax title; that all the proceedings, from the assessment
of the land in 1885 down to its sale and conveyance to plaintiff,
were regular, valid, and authorized by and conformable to the
statute; but that notwithstanding defendant is proceeding to ad-
vertise said land for sale under and in foreclosure of its said mort-
gage, and thus to cast a cloud upon plaintiff's title.    Without stop-
ping to inquire whether the various proceedings culminating in
plaintiff's title are well and sufficiently pleaded, and treating it
as possible, or even probable, that, on a full examination of the
merits on the trial, plaintiff will be entitled to have this mortgage,
or the threatened deed, if one is made, canceled, as a cloud upon
its title, still no facts are stated tending in any manner to show
how plaintiff will suffer any damage in the mean time that would
be averted by this temporary injunction.    The same facts and con-
ditions which would entitle it to a cancellation of the mortgage

as a cloud would entitle it to a cancellation if the deed, if made, as a cloud. We do not see that any injury can come to plaintiff that might not be fully provided against by the filing of a notice of *lis pendens*, and in such case a party is not entitled to the extraordinary protection of a temporary injunction. Mills v. Mills, 21 How. Pr. 437.

Besides this, defendant's answer, duly verified, denied positively and unequivocally every allegation of the complaint except the making of the mortgage by Evans and the proceedings to foreclose the same. Neither side was supported by any affidavits or other evidence outside the pleadings. The rule is general that, where all the equities of the bill or complaint are fully and inevasively denied, a preliminary injunction ought not to stand. Finnegan v.Lee, 18 How. Pr. 186; Real Del Monte C. G. & S. Min. Co. v. Pond G. & S. Min. Co., 23 Cal. 82; Kuntz v. C. C. White Co., (Sup.) 8 N. Y. Supp. 505; McCartney v. Cassidy, (Pa. Sup.) 21 Atl. Rep. 778; Holdrege v. Gwynne, 18 N. J. Eq. 26; Armstrong v. Sanford, 7 Minn. 49, (Gil. 34;) Magnet Min. Co. v. Page & P. Silver Min. Co., 9 Nev. 346.

For the reasons indicated, we think the court below was in error in refusing to dissolve the temporary injunction, and the order so refusing is reversed. All the judges concurring.