LITTLE v. GALLUS et al.

(Supreme Court, Appellate Division, Fourth Department. March 22, 1899.)

1. INJUNCTION—INFRINGEMENT OF TRADE SECRETS—DECREE.
    In a suit to restrain an ex-employé from using trade secrets learned during the employment, a decree restraining him from using "similar rolls," "similar collapsable reels," and "similar cutting machines" is too indefi-

nite, and should be limited to the use of them in the particular way in which they had been secretly taught.

2. SAME—JUDGMENT ON APPEAL.

Where an injunction suit has been twice tried on the same evidence, it will not be sent back for error in the form of the decree, but the decree will be modified by the appellate court.

Appeal from special term.

Suit by Adelbert P. Little against Alfred W. Gallus and others. Decree for plaintiff, and defendants appeal. Modified and affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, McLENNAN, and SPRING, JJ.

Richard W. White, for appellants.

Walter S. Hubbell, for respondent.

PER CURIAM. This action is not to enforce the specific performance of a contract entered into between the litigants, or to restrain the violation of such a contract. The court correctly found, in its second finding of fact, that the rights which the plaintiff sought to have established and enforced did not rest in contract, but arose out of a violation of duty having its origin in the relation of employer and employé, which once existed, when the defendants were infants, but was some years ago terminated by the plaintiff. We think the injunction relief granted by the final judgment is too indefinite and broad. The relief granted should have been limited to restraining the individual defendants, and those in privity with them, from using the machines and processes in the particular way they had been secretly taught while in the employ of the plaintiff. Restraining the defendants from using "similar rolls," "similar collapsable reels," and "similar cutting machines" is quite indefinite, and restrains the defendants from using similar machines, though similar machines be in general use by other manufacturers. The rule that injunctions, especially permanent ones, must be definite and certain, has long been firmly established. Moat v. Holbein, 2 Edw. Ch. 188; Sullivan v. Judah, 4 Paige, 444; Laurie v. Laurie, 9 Paige, 234; Clark v. Clark, 25 Barb. 76; Lyon v. Botchford, 25 Hun, 57; 10 Enc. Pl. & Prac. 1023, and cases cited. But, inasmuch as the case has been twice tried upon practically the same evidence, we do not deem it necessary to direct a new trial, in order to correct the error which we have pointed out, as we think a satisfactory result can be reached by the exercise of the power which this court possesses to modify the judgment appealed from. Code Civ. Proc. § 1317; Wood v. Board (Sup.) 9 N. Y. Supp. 699; Wood v. Baker, 60 Hun, 337, 14 N. Y. Supp. 821. We conclude, therefore, that the judgment in this case should be modified by striking therefrom the description of the plaintiff's different processes and appliances, beginning with the word "process," at folio 94 of the printed record, and including the remainder of that paragraph, and inserting in lieu thereof the following, viz.: (1) The plaintiff's process of making typewriter ribbons from cloth in sheets, before cutting the cloth into ribbons, as distinguished from the process of manufacturing such ribbons separately; (2) rolls the same as those used by the plaintiff while the defendants Gallus and Bostwick were in his employ, to

which sheets of cloth were attached for the purpose of being inked; (3) using a collapsable reel in the same manner, and to accomplish the same result, as such reel was used by the plaintiff while the defendants Gallus and Bostwick were in his employ; (4) using the cutting machine in the same manner, and to accomplish the same result, as the same was used by the plaintiff while the defendants Gallus and Bostwick were in his employ; (5) the process employed by the plaintiff for putting a selvedged edge upon ribbons.

As thus modified, the judgment should be affirmed, without costs of this appeal to either party..