# NILES *v.* UNITED STATES TRUST COMPANY OF NEW YORK.

---

EQUITY PRACTICE; APPEALABLE ORDERS; RECEIVERS; TEMPORARY RESTRAINING ORDER.

1. Where an appeal is taken by the defendant from an order over-ruling a demurrer to a bill in equity, granting a temporary injunction and appointing a receiver, after the issuance of a rule to show cause, the demurrer and the order overruling it cannot be considered as before the court, except in so far as the demurrer is a return to the rule to show cause and an admission of the allegations of the bill for the purpose of the rule, inasmuch as an order overruling a demurrer is not appealable when the demurrant has not elected on the record to stand by it (distinguishing *Hess* v. *Horton,* 2 App. D. C. 81; and *Droop* v. *Ridenour,* 9 App. D. C. 95) ; and the appeal will only be considered in so far as it has reference to the allowance of the injunction and appointment of a receiver.
2. While a bill in equity in which the allegations are made solely on information and belief, unsupported by affidavit, is not sufficient ground on which to base an injunction until after a rule to show cause has been issued, yet after such rule has been issued and no return has been made, and especially after demurrer interposed to the bill, an injunction may be properly granted (distinguishing *Magruder* v. *Schley,* 18 App. D. C. 288).

No. 1302.   Submitted May 15, 1903.   Decided June 3, 1903.

HEARING on an appeal by the defendants from an order of the Supreme Court of the District of Columbia overruling a demurrer to a bill in equity for an accounting and for the appointment of a receiver, after the issuance of a rule to show cause on the defendants why such relief should not be granted, the defendants having failed to make a return to such rule except by such demurrer.                        *Affirmed.*

The COURT in the opinion stated the facts as follows:
VOL. XXII—15

This is an appeal from an interlocutory order of the supreme court of the District of Columbia, overruling a demurrer to a bill in equity, appointing receivers, and awarding an injunction *pendente lite.*

The appellee, Louise Beauchamp Hughes, an aged lady of upwards of eighty years and formerly a resident of this District, where for a number of years she maintained a dwelling house, was, on December 2, 1902, adjudged in the supreme court of the State of New York to be of such enfeebled mental condition as to be incompetent to care for her business affairs and property interests, although her condition was not such as to require her confinement in an insane asylum or other similar institution; and thereafter, on December 15, 1902, the appellee, the United States Trust Company of New York, a body corporate under the laws of the State of New York, was duly appointed committee of her estate, and entered upon the performance of its duties as such committee.

On February 17, 1903, in pursuance of proceedings previously thereto instituted in the supreme court of the District of Columbia under the code of law of this District, the said supreme court of the District issued to said appellee trust company ancillary letters of guardianship of the estate of said Louise Beauchamp Hughes.

Thereupon, on the said last-mentioned day, February 17, 1903, the said appellee trust company filed its bill in equity in the supreme court of the District of Columbia, joining with it as party complainant the said Louise Beauchamp Hughes; and in and by the said bill of complaint charged the appellant, Edward G. Niles, an attorney at law practising in this District, and who had been the attorney and professional adviser of the said Louise Beauchamp Hughes, with divers and sundry abuses of his professional relations with her and with the fraudulent procurement from her of large sums of money at various times, as well as jewelry, precious stones, bric-a-brac, furniture, and other valuable property, all of which he is charged with having converted to his own use without just consideration, and some of which he is charged with having transferred to his wife, Mary

M. Niles, who was made joint defendant with him in the suit. The details of these transactions it is unnecessary here to relate.

The statements of the bill were made upon information and belief, but the bill was sworn to by the secretary of the trust company. It waived an answer under oath, but asked for discovery and an accounting, as also for an injunction to restrain the defendants from disposing in any manner of the property which they are charged thus to have acquired, and for the appointment of a receiver to take possession of said property. The bill was supported by several affidavits and exhibits, tending to show the truth of the statements contained in it.

Upon the filing of the bill the complainants did not ask forthwith for a temporary restraining order or injunction *pendente lite,* or for the appointment of a receiver, but caused a rule to be issued against the defendants requiring them to show cause why such relief should not be granted. Instead of making return to this rule by way of answer or explanation of the charges against them, the defendants filed a general demurrer, without specification of any ground of demurrer; and upon this demurrer they went to a hearing of the application of the complainants for an injunction and receiver. At the hearing the demurrer was overruled, with leave to the defendants to answer, and an injunction *pendente lite* was ordered and a receiver was appointed.

From the order or decree then rendered the present appeal has been prosecuted by the defendants. No bond for supersedeas was given, but only a bond for costs.

*Mr. Charles Poe* for the appellants:

1. It is a rule practically universal in chancery practice to refuse to grant an injunction upon a bill filed only upon information and belief. It is believed that no case can be found in which the court has granted an injunction upon such a bill, unless the fact that it is upon information and belief only is explained by the bill itself or by affidavits accompanying it. There are no such affidavits in the present case; nor is there any explanation of the absence of personal knowledge by some one in

existence of the scandalous allegations of this bill, nor is there any attempt to explain to the court the absence of every single exhibit which a most cursory examination of the bill itself will tell to the court must be in existence, if the statements of the bill be true, and if the complainant has any right to be in court at all. It will not do to say that the demurrer admits the existence of the condition of facts alleged in the bill. Such is not the effect of a demurrer; its sole effect being to admit for the purposes of the demurrer the temporary existence of facts pleaded well and in accordance with the usages and practices of the courts of chancery. Nor will it do to say that the form of the affidavit is such that it may be stretched so as to make it appear that the affiant had personal knowledge of the allegations of the bill. The bill begins with the following language: "The complainants show to the court, on information and belief, as follows." From that sentence down to the end of the bill, there is not one single word of explanation of the absence of personal knowledge on the part of somebody, nor is there even the statement that there is nobody that knows. The bill has not even the corporate seal of the complainant, so that it is doubtful whether they could be held responsible in any way for the consequences of these grave charges against citizens of the District of Columbia. See *Magruder* v. *Schley,* 18 App. D. C. 288; Alexander's Chancery Practice, p. 80, § 2; High on Injunctions, § 36; *Jones* v. *Macon,* 39 Ga. 138; *Armstrong* v. *Sanford,* 7 Minn. 49; *Blondheim* v. *Moore,* 11 Md. 365; *Bank* v. *Skinner,* 9 Paige, 305; *Campbell* v. *Morrison,* 7 Paige, 157; *Brooks* v. *O'Hara,* 8 Fed. 529; *Caulfield* v. *Curry,* 30 N. W. Rep. 191, 63 Mich.; *Williamson* v. *Wilson,* 1 Bland, Ch. 422; 10 Am. & Eng. Enc. Law (1st ed.) p. 1002, and note 2; *Perkins* v. *Collins,* 3d N. J. Eq. 482; *Waddell* v. *Bruen,* 4th Edwards (N. Y.) 671; *Laurie* v. *Laurie,* 9 Paige, 234; *Youngblood* v. *Schamp,* 2 McCart (N. J.) 42; *Balard* v. *Eckman,* 20 Fla. 661.

2. The appellants are residents of the District of Columbia, as is conceded. Process has been served upon them in this proceeding. There is no allegation in the bill that any suit at law has been brought or attempted to be brought to test their liability

to the appellees. As there has been no such suit, of course there has been no judgment; as there has been no judgment, there has been no execution returned unsatisfied.

There has been no opportunity to the defendants to deny in a court of law and have submitted to a jury, as provided by the Seventh Amendment to the Constitution of the United States, the question whether or not, in point of fact, there is one word of truth in the allegations that they, or either of them, do, does, or ever did, owe a single dollar to Mrs. Louise Beauchamp Hughes, or that either of them has assigned, disposed of, or concealed any property with a view to hinder, delay, or defraud anybody. The appellees' only complaint is that the appellants refuse to pay—a condition of affairs which is of daily occurrence —and do not authorize a court of equity on an *ex parte* application, made on information and belief, and with no knowledge of the facts alleged to exist, to stretch forth its restraining hand, grant an injunction, appoint receivers, direct discovery, and do whatever else may be hoped for by the addition of the despairing dragnet of a prayer for general relief. *Ellis* v. *Davis,* 109 U. S. 485; *Cates* v. *Allen,* 149 U. S. 451; *Hess* v. *Horton,* 2 App. D. C. 81; *Droop* v. *Ridenour,* 9 App. D. C. 95; *Whitehead* v. *Shattuck,* 138 U. S. 140.

3. It will no doubt be contended that a court of equity has jurisdiction in this case because of what is claimed to be a confidential relation between Louise Beauchamp Hughes and Edward G. Niles, one of the appellants, and also because Mrs. Hughes is alleged to have been adjudged a person of unsound mind. There is nothing upon the face of the bill to show that, even if it be conceded that the appellant, Edward G. Niles, was Mrs. Hughes' confidential adviser, and that she has been adjudged a lunatic, there is any obstacle in the way of a complete and adequate remedy by suit at law, by her committee, which, under the provisions of § 1242 of the Code, is authorized to bring such an action at law. The mere fact of the existence of the relation of counsel and client does not of itself alone invest a court of equity with jurisdiction. There must be in addition to this relation some peculiar condition of facts of which only a court of equity,

and not a court of law, can take jurisdiction. The bill claims that the appellant, Edward G. Niles, received $5,000 from Mrs. Hughes in the month of November, 1901; $6,108.75 on the 26th day of November, 1901; $40,000 on the 4th day of December, 1901, and $6,115.23 on the 6th day of May, 1902.

If these statements be true, and the various sums so received were unlawfully received, what is there to prevent the recovery of a judgment against Niles for the aggregate of these sums, and what the occasion for a bill in equity, the sole effect of which is to deprive him of his constitutional right to a trial by jury? So also as to the alleged conversion of the various articles of personal property. It is submitted that the question as to whether Mrs. Hughes was, at the time of these alleged transactions with Mr. Niles, a person of unsound mind, is one which is eminently proper to be passed upon by a jury, and one with which a court of equity, at least a Federal court of equity, has nothing to do. An inspection of the bill will show to the court that one of its chief objects is, in an indirect way, to have a Federal court, sitting in equity, to pass upon the validity of a will of a person still living, when it is undisputed law that such a court has not jurisdiction over such a subject, even after the death of a testatrix. *Ellis* v. *Davis,* 109 U. S. 485. In that case, which is strikingly analogous to the one at bar, the defense interposed was by demurrer, which was sustained by the Supreme Court of the United States.

*Mr. J. J. Darlington* and *Mr. W. H. Sholes,* for the appellee:

1. The appellants contend that the complainants below have not shown any right or title to maintain the suit, but the bill expressly alleges that the trust company was appointed ancillary committee by the supreme court of the District of Columbia, and under section 1142 of the Code it has a right, together with Mrs. Hughes, by the trust company as her committee, to maintain this suit, besides which the demurrer admits that fact. See *Tuolumne Water Co.* v. *Chapman,* 8 Cal. 392.

2. It is next contended that the complainants have no right

to call the defendant, Edward G. Niles, to account in a court of equity, but must sue him at law in an action of assumpsit for money had and received, and in trover for conversion of personal property.    But see Story on Equity Jurisprudence, § 462; *Kilbourn* v. *Sunderland,* 130 U. S. 505; *Colonial Mortg. Co.* v. *Hutchinson Mortg. Co.* 44 Fed. Rep. 219 (a bill for an accounting) ; *Jeffries* v. *Laurie,* 23 Fed. Rep. 786; *Kelley* v. *Repetto,* 62 N. J. Eq. 246.

Mr. Justice MORRIS delivered the opinion of the Court:

This cause, as now presented to us, is scarcely more than a theoretical or academic cause.    The cause has not been stayed in the court below, and we are advised in argument that the appellants have now filed, or are about to file, their answer therein, and the receivers have gone into possession of the property sought to be recovered from the defendants, or some of it.    It should, therefore, be a very clear case that would authorize us under these circumstances to interfere with the further progress of the proceedings in the court below.    We find no such clear case, but, on the contrary, a very clear case for the affirmance of the action of that court.

While the appeal taken was from the whole order as it was rendered, we cannot consider it so far as it is an appeal from such portion of the order as overruled the demurrer.    An order overruling a demurrer is not appealable when the party interposing the demurrer has not elected on the record to stand by it.    The cases of *Ellis* v. *Davis,* 109 U. S. 485, 27 L. ed. 1006, 3 Sup. Ct. Rep. 327; *Oates* v. *Allen,* 149 U. S. 451, 37 L. ed. 804, 13 Sup. Ct. Rep. 883, 977; *Whitehead* v. *Shattuck,* 138 U. S. 146, 34 L. ed. 873, 11 Sup. Ct. Rep. 276; *Hess* v. *Horton,* 2 App. D. C. 81, and *Droop* v. *Ridenour,* 9 App. D. C. 95, cited in this connection by the appellants, are not pertinent, even if they were otherwise applicable, which they are not.    The demurrer and the order overruling it are not before us, except in so far as the demurrer is a return to the rule to show cause and an admission of all the allegations contained in the bill, for the purposes of such rule.

But in so far as the appeal has reference to the allowance of
an injunction and the appointment of a receiver, it was within
the right of the defendants under the statute to take it, and to
that extent it is before us; but we find it wholly without merit.

The burden of the argument on behalf of the appellants is
that, under the authorities, an injunction should not be granted
or a receiver appointed upon a bill, the substantial statements
of which are merely upon information and belief.  And various
adjudicated cases are cited in support of this proposition.  But
the proposition is not sustained by the authorities cited, or by
any other authorities to the extent claimed for it in this case.
The authorities go to the extent only that, where there is only
a bill of complaint containing statements made only on informa-
tion and belief, unsupported by the affidavits of those who know
the facts and can testify to them, an injunction should not be
allowed or a receiver appointed until after a rule to show cause
served on the defendant and failure by the defendant to show
such cause sufficient to defeat the application.  Here, while the
bill was wholly upon information and belief, and sworn to only
as such, yet it was supported by competent affidavits; and no re-
lief by way of injunction and receiver was sought until after rule
to show cause.  The authorities cited on behalf of the appellant
are in our opinion directly to the contrary effect from that for
which they are cited, and abundantly support the action of the
court below in the premises.  Alexander, Ch. Pr. § 2, p. 80;
High, Inj. § 36; *Jones* v. *Macon & B. R. Co.* 39 Ga. 138; *Arm-
strong* v. *Sanford,* 7 Minn. 49, Gil. 34; *Blondheim* v. *Moore,* 11
Md. 365; *Bank of Orleans* v. *Skinner,* 9 Paige, 305; *Campbell*
v. *Morrison,* 7 Paige, 157; *Brooks* v. *O'Hara,* 8 Fed. 529; *Caul-
field* v. *Curry,* 63 Mich. 594, 30 N. W. 191; *Williamson* v. *Wil-
son,* 1 Bland Ch. 422; *Perkins* v. *Collins,* 3 N. J. Eq. 482;
*Waddell* v. *Bruen,* 4 Edw. Ch. 671; *Laurie* v. *Laurie,* 9 Paige,
234; *Youngblood* v. *Schamp,* 15 N. J. Eq. 42; *Ballard* v. *Eck-
man,* 20 Fla. 661; 10 Am. & Eng. Enc. Law, p. 1002, and note 2.

All these either expressly concede or necessarily imply that,
while a bill of complaint in which the allegations are stated sole-
ly upon information and belief, unsupported by affidavit, is not

sufficient ground on which to base an injunction until after a rule to show cause has been issued, yet that after such rule, and especially after demurrer interposed, an injunction may properly be granted.

The law on the subject is well stated by Mr. High in his work on Injunction, § 1571, as follows:

"The fact that many of the material allegations upon which an injunction is sought are stated upon information and belief will not prevent the granting of the relief when defendant, by demurring to the bill, admits the truth of its allegations, and when the injunction is issued after notice and with no denial upon the part of defendant of the truth of the bill."

See also *Gibson* v. *Gibson,* 46 Wis. 462, 1 N. W. 154; *Woodworth* v. *Edwards,* 3 Woodb. & M. 120 Fed. Cas. No. 18,014; *Paterson & H. R. Co.* v. *Jersey City,* 9 N. J. Eq. 434; *Maddox* v. *White,* 4 Md. 72, 59 Am. Dec. 67; *Duckett* v. *Duckett,* 71 Md. 357, 18 Atl. 535; *Wierich* v. *De Zoya,* 7 Ill. 385; *Tuolumne Water Co.* v. *Chapman,* 8 Cal. 392.

If the contention of the appellants were to be allowed, then in many cases, perhaps in the great majority of cases, no injunction *pendente lite* could properly be issued upon a bill filed by a trustee, executor, or other person suing in a fiduciary or representative capacity; for such person might well have no personal knowledge of the facts upon which the injunction is sought, although perhaps he might have abundant proof of those facts in the affidavits or testimony of those who did have knowledge of them and could positively testify to them upon such knowledge.

We understand it to be conceded on behalf of the appellants that an injunction could be granted upon a bill based only upon information and belief, when "the fact that it is upon information and belief only is explained by the bill itself or by affidavits accompanying it." But this is not the qualification made by the law. The fact that the bill is by a person in a fiduciary or representative capacity, as a trustee, generally carries its own sufficient explanation with it. Explanation is superfluous when the facts are admitted by demurrer or otherwise, or when the facts are prima facie proved by competent affidavits.

The case of *Magruder* v. *Schley,* 18 App. D. C. 288, cited on behalf of the contention of the appellants, plainly does not support it. There was in that case no allegation of fact, either upon information and belief or otherwise, upon which to base an injunction; but merely an expression of expectation to be able to prove some things upon trial.

We are of opinion that the order appealed from should be affirmed, with costs; and the cause remanded to the supreme court of the District of Columbia for further proceedings therein according to law. And it is so ordered.　　　　　*Affirmed.*