## CAMPBELL *vs.* MORRISON.

The complainant is not entitled to an injunction ex parte, upon a bill verified by his own oath only, where the facts upon which the injunction rests are not within his own knowledge. In such a case he should state the facts in his bill as upon his information and belief, and annex the affidavit of the person from whom he obtained the information, or of some other person who can swear positively to the truth of the material allegations in the bill.

Where such affidavits cannot be procured, the complainant, upon showing a sufficient excuse in the bill, will be entitled to an order to show cause why an injunction should not be granted. And upon a bill thus framed and verified by the complainant's oath as to his information and belief, the injunction master may allow a temporary injunction, when necessary, until the time for showing cause arrives.

If an ex parte injunction is granted, upon a bill which is not duly verified so as to authorize the issuing of such injunction, it is a matter of course to dissolve the injunction upon the matter of the bill only, according to the provisions of the 34th rule.

1838.

Campbell
v.
Morrison.

Where a judgment had been recovered upon a note, alleged to be usurious, previous to the act of 1837 for the prevention of usury; *Held* that the party against whom the judgment was recovered could not come into the court of chancery for discovery, and relief against the judgment, without offering to pay the money actually lent, and legal interest thereon.

It must be a very special case which will authorize the court of chancery to *interfere to relieve a party, against whom a judgment has been recovered, who* had a perfect defence at law of which he neglected to avail himself there.

April 3.

THIS was an appeal from a decision of the vice chancellor of the eighth circuit, dissolving an injunction. The complainant was the accommodation endorser of a note, made by D. S. & J. Cole, upon which a judgment had been obtained at law, in favor of Morrison, the defendant here, as the holder of the note. The complainant stated in his bill that, as he was informed and believed, the note was received by the defendant, from the drawers thereof, upon an usurious discount of four per cent a month for the six months the note had to run, and that $30 was also retained by the defendant, which was to be applied on the note as a payment; so that only $110 was advanced by him on the note of $180. The bill also alleged that the complainant was ignorant of the defence of usury, or of any other defence to the note, until after an inquest by default had been taken in the suit at law; although the drawers had employed an attorney to defend the suit for him and them for the purpose of delay.

*A. Sampson,* for the complainant. The bill shows that the complainant, in fact, did not interpose any defence, because he was ignorant that he had any, until after the judgment was obtained. Although a judgment, at law, has been obtained, the complainant is not too late to apply to this court for relief. Although, as a general rule, if a party against whom an action is brought has a legal defence he must avail himself of it in the suit at law, yet in cases of this kind this court will accept of a satisfactory excuse for not resorting to a bill in the first instance, and may grant relief after judgment has been obtained in the suit at law. (*Norton* v. *Woods,* 5 *Paige's Rep.* 249. *Lansing* v. *Eddy,* 1 *John. Ch. Rep.* 49. *Williams* v. *Lee,* 3 *Atk. Rep.* 223. *Duncan* v. *Lyon,* 3 *John. Ch. Rep.* 356.) Under the circumstances of

this case notice to the attorney was not notice to the complainant. And the court often relieves the party against the consequences even of the neglect of his attorney. (*Phillips v. Hawley*, 6 *John. Rep.* 129.) It was not necessary, in this case, for the complainant either to pay or deposite the principal sum, or interest, as a condition of obtaining relief against the judgment. (*Laws of* 1837, *p.* 487, § 4.) The note in this case was absolutely void, as well by the revised statutes as by the act above cited to prevent usury.

*I. R. Elwood*, for the defendant. The complainant ought to have paid or offered to pay the money actually loaned; and he should have stated that he had no belief or suspicion, and that he had no reason to believe that there was a defence upon the merits. Chancery never relieves against a judgment of another court, except where the defence could not be received as a defence at law; or where the party was prevented from making it by fraud, accident, or the act of the opposite party; or where the party was ignorant of the defence. It is only under the last head that the complainant can claim any thing here. And what is meant by ignorance? Certainly not voluntary ignorance, nor want of actual personal knowledge, nor want of actual personal information. The circumstances here, if not equivalent to actual information, were abundant to put the complainant upon inquiry. If he had suspicions, and slept upon his rights, this court will not interpose. The complainant does not show due diligence in ascertaining if there was a defence to the suit. He is concluded by the acts of the attorney, who appeared for all the defendants in the suit at law. The attorney, by his stipulation, expressly assented to the judgment. It is therefore the act of the complainant himself, and he must be concluded by it. The note being joint, and the suit being brought against them jointly, the knowledge and act of either in the transaction itself is the knowledge and act of the others. Joint obligors are in legal intendment but one person. They are, pro hac vice, partners. Notice to one is notice to both, as in case of joint endorsers. So far as third persons are concerned, the

1838.

Campbell
v.
Morrison.

knowledge of a fact brought home to one is sufficient to charge the whole. The supreme court will not, in the exercise of its equity powers, set aside a verdict or judgment regularly obtained to let in an unconscionable defence. (*See Utica Ins. Co.* v. *Scott*, 6 *Cowen's Rep.* 606.) The relief sought by this bill is within the powers of the supreme court daily exercised over their own judgments. Had the application been made to that court to set aside this judgment, to let in this defence, it would have been refused. The court of chancery will adopt the same equitable rule.

THE CHANCELLOR. The vice chancellor was right in dissolving the injunction in this case upon the matter of the bill alone, without reference to the facts stated in the affidavits on the part of the defendants. The material facts constituting the only equity upon which the injunction rested, were not verified in such a manner as to authorize the issuing of a general injunction ex parte to stay the defendant from proceeding until a regular answer could be put in. The complainant does not profess to know any thing of the facts upon which his application for an injunction is founded. He therefore merely swears to his information and belief; which information may have been derived from those who were no better informed than himself on the subject. Such an allegation is undoubtedly sufficient in a bill to call for a discovery from the defendant of the fact thus stated ; and it may in certain cases be sufficient to authorize the issuing of an injunction, where the defendant has had an opportunity to be heard in opposition to the application. (*Mumford* v. *Sales, In Chan.* 20*th March*, 1838 ; *The Attorney General* v. *The Bank of Columbia*, 1 *Paige's Rep.* 511.) But upon an application for a general injunction ex parte, if the complainant has no personal knowledge of the facts upon which the right to the injunction rests, he should state the facts upon his information and belief, and should annex to the bill the affidavit of the person from whom he derived his information, and who can swear to the facts. Cases may sometimes arise in which, from peculiar circumstances, it is impossible to procure the affidavit of any one who can swear positively

to the existence of the facts upon which the complainant seeks for an injunction. In such cases, upon a bill sworn to by the complainant, charging the facts upon his information and belief, and showing why it is impossible to procure the affidavit of the person from whom he derived his information and who knew the facts charged, the injunction master, instead of allowing a general injunction, should give the defendant an opportunity to be heard, by directing an order to show cause, as authorized by the 32d rule. In cases of emergency, where serious injury would probably be done to the complainant before a reasonable time to show cause would expire, the master, upon a bill thus framed, may allow a temporary injunction in the mean time ; which falls of course when the time for showing cause arrives, if not continued by the court. Where an ex parte injunction is granted, as in this case, upon the mere oath of the complainant as to his belief of the material facts charged, and without any excuse for not procuring and annexing to his bill the affidavit of the person from whom the complainant's information was derived, and who professed to know the facts charged, it is a matter of course to dissolve the injunction, before answer, upon a proper application, under the provisions of the 34th rule.

I am inclined to think, also, that this was not a case in which the complainant was authorized to come into this court for relief, under the provisions of the statutes for the prevention of usury, without an offer to pay what was equitably due. It does not appear to be within the third section of the act of May, 1837, to prevent usury ; (*Laws of* 1837, *p.* 487 ;) as the defendant had perfected his judgment on the note before that act took effect. And before the passage of that act, a party who had a defence at law could not come into this court to ask for a discovery, or an injunction, without offering to pay the money actually lent. Whether the eighth section of the title of the revised statutes relative to the interest of money, (1 *R. S.* 772,) and the third section of the act of May, 1837, for the prevention of usury, embrace the case of a mere surety, who is not the borrower of money loaned, is a question not necessary to be decided

here. But certainly, if it was proper in behalf of the borrower to compel the usurer to criminate himself, or what is much more probable, to tempt him to commit perjury to screen himself from the penalty of his violation of the laws of his country, I can see no good reason why the same remedy should not have been extended to the innocent surety, who is generally the principal sufferer in such cases; as the borrowing of money upon usury generally ends in the insolvency of the real debtor.

There are certain cases in which a court of equity interferes to relieve a party against a judgment at law, although he might have made his defence there if he had availed himself of it in season. But it must be a special case to sustain such a bill, where no discovery was requisite to establish the defence at law ; as it is in the nature of an application for a new trial, which courts of law generally grant upon equitable terms. Where a party, however, has made a slip by which he has lost his legal right of setting up a defence which is to operate as a penalty upon the other party, courts are not in the habit of relieving the party who is seeking more than equity, unless he consents to do what is equitable and just as between him and the adverse party. In this case, as the complainant had been deprived of his defence at law by the neglect of the principal debtor to inform him, until after the judgment, that such a defence existed, I presume the supreme court would have permitted him to come in and make his defence as endorser of the note, upon payment of the amount actually loaned, with interest, and the extra costs occasioned by his neglect to make the defence in an earlier stage of the suit. And under the circumstances of the case a court of equity ought not to interfere upon any other terms, even if the supreme court would not have permitted the complainant to make his defence there.

For these reasons the order of the vice chancellor, dissolving the injunction, must be affirmed with costs.