Feb. 1840.

Williams
vs.
Lockwood
and others.

## WILLIAMS vs. LOCKWOOD and others.

Substantive allegations in an injunction bill stated to be on information and belief, without an affidavit to sustain the allegations, will not sustain the injunction.

When a party has had an opportunity for a defence at law, Chancery will not relieve against a judgment at law in favor of such party, except in certain cases.

A party who finds, just at the time of a trial at law, that the witness whom he relied upon cannot prove the facts upon which he relied for a defence, having made no previous inquiry of such witness, cannot afterwards obtain relief in Chancery for such surprise. He must shew diligence on his part, before he can set up surprise or accident as a ground of relief.

Before the act of 1837, one who sets up a defence of usury at law, and is surprised by a verdict against him, must, before he can obtain relief in Chancery, pay or offer to pay the money actually loaned, with interest.

THE bill in this cause was filed to stay the defendant Hanford Lockwood from collecting a judgment recovered against the complainant and others, in Jan. 1837, on the ground that the notes upon which the judgment was recovered, were usurious; and that the complainant was unable by accident to prove the usury on the trial. The notes were given to Ralph Lockwood, and sued in the name of Hanford Lockwood; and the bill charges that the transfer was merely colorable and without consideration, or given for a previous debt, &c. On filing the bill, an injunction was allowed; and now a motion is made to dissolve the injunction upon the bill itself.

*C. B. Lord*, for complainant.

*E. C. Benedict*, for H. Lockwood.

THE VICE CHANCELLOR. All the material facts constituting the equity of this bill, are charged upon the information and belief of the complainant only, without any allegation as to the person from whom the information was derived, or any affidavit connected with the bill. The original usury is so charged, and the fraudulent transfer to Hanford Lockwood. This is a bill to restrain the collection of a debt after a judgment in a suit, where the complainant had no opportunity to prove his defence of usury on the trial at law. Chancery never relieves against the judgment of another court, when the party has had no opportunity of being heard, except where the defence could not be received as a defence at law, or when the party was prevented from making it by fraud, accident, or the act of the opposite party; or when the party was ignorant of the defence, at the time of the trial at law. In this case the excuse is, that the party was deprived of his defence at law, by finding, just before the circuit, that the witness upon whom he relied, was unable to prove the defence set up. This is hardly such an accident as is contemplated by the rule. The party did not shew sufficient vigilance in preparing for his defence at law. If he had done so, and really had witnesses to sustain his defence, whom he could not get, the Supreme Court have ample power to have given him adequate relief. But it is not to be tolerated that a party shall lay by until the day of trial, in the blind confidence that a person of whom he has never inquired, can fully prove his defence; and then, upon finding out his mistake, complain of surprise. It is not such surprises that this court will relieve against in such cases.

Again: in this case the defence is usury; and it was a defence arising before the statute of 1837;

Feb. 1840.

Williams
v.
Lockwood
and others.

Feb. 1840.

Douglass
v.
The N. Y.
and Erie
Rail-Road
Co. and
Smith.

and under the decisions of this court, the party, before he is entitled to any aid from this court, must bring into court the amount actually due. This judgment was perfected before the act of 1837 (Laws of 1837, p. 487) took effect.

There are, then, three distinct grounds why this injunction should be dissolved, even upon the matter of the bill itself:

1. Because the charges constituting the equity of the bill, are stated upon the information and belief, and not upon the knowledge of the complainant.

2. Because the complainant has not given in his bill a sufficient excuse for not setting up his defence at law—this was no accident or surprise to prevent his defence at law, which this court can recognise.

3. Because the complainant has not paid or offered to pay the amount of money actually due to the defendant.

This case is strongly analagous to the case of Campbell *vs.* Morrison, 7 Paige Rep. 157; and the reasoning there is applicable to this case, and it is needless to enlarge upon it.

The injunction is dissolved.    Costs to abide event.