## IN EQUITY.

### John Jewett et al. vs. Amos Allen, impl'd with Samuel S. Stone.

An injunction cannot be sustained when any of the material facts upon which it rests depend upon information derived from others, unless, in addition to the Plaintiff's own oath, that he believes such information to be true, there is annexed to the bill an affidavit of the person from whom he derived the information, swearing to the truth of the statement made in the bill upon such information. *Campbell* v. *Morrison,* 7 Paige, 157; *Bank of Orleans* v. *Skinner,* 9 Paige, 305.

An injunction will be dissolved with costs, where all the material allegations upon which it rests are stated upon information and belief merely.

*September Special Term,* 1847. *Rensselaer county.*—The Plaintiffs having recovered a judgment against the Defendant Stone, filed a creditor's bill against him and the Defendant Allen, which, besides containing the usual allegations in respect to the recovery of the judgment, and the return of the execution unsatisfied, proceeded to set forth various facts and circumstances, tending to show that Allen was fraudulently aiding Stone in concealing his property and placing it beyond the reach of his creditors, and then stated and charged that Allen was then "in possession of, and had on hand a large amount of goods and merchandise, horses and carriages, and other property and choses in action, and assets owned by and belonging to the Defendant Stone." At the conclusion of these allegations, the following clause is added: "All the above facts are stated upon the information and belief of your orators, and they believe them to be true." The bill having been verified in the usual form, by the oath of one of the Plaintiffs, an injunction was issued ex parte, in the usual form, against the Defendant Stone, and also restraining both Defendants "from selling, assigning, or disposing of any of the goods, property, and choses in action, claimed in said bill to belong to or to be owned by said Stone." Allen moved upon the bill to dissolve the injunction.

J. D. Willard, *for Deft Allen.*

G. Stow, *for Plffs.*

Harris, Justice.—The injunction in this case was improperly allowed, certainly as against the Defendant Allen, and I think also against the judgment debtor himself. All the material allegations in the bill, upon which the right to the injunction rests, and which, if stated positively or proved by an affidavit of their truth annexed to the bill, would have entitled the Plaintiffs to the injunction as broad as it was issued, not only against the judgment debtor, but also against Allen, are qualified by the general statement, that such allegations are only made upon the information and belief of the Plaintiffs. It is well settled that an

17

injunction cannot be sustained when any of the material facts upon which it rests depend upon information derived from others, unless, in addition to the Plaintiff's own oath, that he believes such information to be true, there is annexed to the bill an affidavit of the person from whom he derived the information, swearing to the truth of the statement made in the bill upon such information. (*Campbell* v. *Morrison*, 7 Paige, 157; *Bank of Orleans* v. *Skinner*, 9 Paige, 305.) But in this case, every material allegation upon which the injunction is founded, is stated merely upon information; not even the recovery of the judgment or the return of the execution is stated positively. The injunction against the Defendant Allen must therefore be dissolved with costs.

The Plaintiffs also moved for the usual order of reference, to appoint a receiver " of all the debts, property, &c., belonging to the said Stone, as set forth in the bill." As against the Defendant Stone this motion should be granted, but as against the Defendant Allen, the motion is denied, his costs of opposing the motion to abide the event of the suit.