GIBSON vs. GIBSON, imp.   (Second Appeal.)

*Injunctional Order.*

The fact that material averments of the complaint for an injunction are upon information and belief, will not prevent the granting of a motion, upon notice, for an injunctional order, where defendant does not, by answer, affidavit or other proof, deny such averments.

APPEAL from the Circuit Court for *Sauk* County.

After overruling the defendant's demurrer to the complaint in this action, *(ante,* p. 449) the court made an injunctional or-- der restraining the defendant *Martin S. Gibson* from moving in the action for slander mentioned in said complaint, and from assigning, discharging or in any wise interfering with the cause of action therein, until the determination of this action or the further order of the court herein; upon condition that the plaintiff refrain from prosecuting said action until the de- cision of this case.   From this order *Martin S. Gibson* ap- pealed.

*P. G. Stroud,* for the appellant.

For the respondent, there was a brief by *Rolla E. Noyes,* his attorney, with *S. U. Pinney,* of counsel, and oral argu- ment by *Mr. Pinney.*

TAYLOR, J.   This is an appeal from an order granting an injunction in the same action in which the court below over- ruled the demurrer of the same defendant to the complaint therein.   The reasons given for sustaining the order overrul- ing the demurrer of this defendant, in the opinion filed in that case, apply with equal force to the order granting the injunc- tion; and we need not, therefore, repeat them here.

The appellant, however, makes a point on his argument of this appeal, which was not made on the other.   He insists that a preliminary injunction pending the litigation should not

have been granted, because very many of the material allegations of the complaint, upon which a permanent injunction is prayed for, are stated on information and belief, and not positively. The answers to this objection are: *first*, that the defendant, by demurring to the complaint, has admitted, not only the allegations which are stated positively, but also those which are stated upon information and belief; and *second*, that the injunction was issued after notice of motion for the same served upon the defendant. This court has decided that in such a case, if the defendant does not, by his own affidavit or answer or other proof, deny the allegations of the complaint, all the allegations in the complaint, as well those stated upon information and belief as those positively averred, must be taken to be true for the purpose of sustaining the injunction. *Dinehart v. Town of La Fayette*, 19 Wis., 679.

We will state here another reason, not mentioned in the opinion on the appeal from the order overruling the demurrer, why the defendant *Martin S. Gibson* is a proper party to this action. It must, we think, be admitted, that the only ground upon which the plaintiff in this action can ask the court to interfere with the prosecution or compromise, by her husband, of the action of slander against the defendant *Martin S. Gibson*, must be based upon the alleged fact that he has violated his marriage contract with the plaintiff, and by reason thereof the plaintiff is entitled to a divorce from him. It is solely upon the ground that the husband has forfeited his marital rights, that the court interferes to prevent him from acquiring the property of the wife, which comes to him only by virtue of such rights. The question whether the husband has forfeited his marital rights, can only be determined in an action for a divorce between them. If, therefore, the action for slander should be brought to trial before the action for divorce is determined, it is probable the wife would not be permitted, in such slander suit, to defeat the effect of a release which might be given by the husband, by showing that he had fraudulently

given the same after he had forfeited all right to receive the avails of such action, or control the prosecution thereof, by reason of his breach of the marriage contract. Such an attempt to avoid the effect of the release would involve the trial of an action of divorce between the plaintiffs. This, we think, could not be done in the action for slander. It would seem, therefore, that the proper way to avoid the effect of any release which may have been given to the appellant, is to make him a party to the action for divorce, in which, all the parties interested being present, the question can be tried and settled. If the appellant were not made a party to the divorce suit, and a judgment should be rendered in favor of the plaintiff, granting her a divorce, such judgment would not be conclusive against the appellant as to the validity of any release which he may have obtained from the husband; and if a release should be produced upon the trial of the action for slander, even after a divorce granted, there would be a question whether the effect of such release could be avoided in that action; and if it could, it would necessarily involve a retrial of the issues involved in the action for divorce. To avoid a second litigation of the same matter, his joinder in the action for a divorce is undoubtedly proper.

*By the Court.* — The order of the circuit court is affirmed.

RYAN, C. J., dissents.