STATE OF MINNESOTA, *ex rel.* E. C. Feller, *vs.* STATE BOARD OF MED-
ICAL EXAMINERS.

December 24, 1885.

**Physicians and Surgeons—Unprofessional Conduct.—**For a physician
to publish an advertisement containing false statements as to his abil-
ity to cure disease, knowing them to be false when he makes them, and
intending thereby to impose on and deceive the public, is "unprofes-
sional and dishonorable conduct" within the meaning of Laws 1883, *c.*
125, § 9.

Writ of prohibition.

*C. D. O'Brien,* for relator.

*William J. Hahn,* Attorney General, and *James M. Martin,* for respondent.

MITCHELL, J. This, like the case of *State* v. *State Board of Med-
ical Examiners, ante,* p. 387, is an application for a writ of prohibi-
tion to restrain the State Board of Medical Examiners from further
action in proceedings instituted to revoke, on the ground of alleged
unprofessional and dishonorable conduct, a certificate issued to re-
lator entitling him to practise medicine. Laws 1883, *c.* 125, § 9.

But, unlike that case, the only ground upon which the writ is asked for is that the facts stated in the information or complaint do not constitute "unprofessional or dishonorable" conduct, within the meaning of the statute. The respondent makes the point that, if true, this is no ground for issuing the writ; at least not until relator had first pleaded to the jurisdiction of the board, and his plea had been denied. It is unnecessary to decide this point, inasmuch as we are of opinion that the complaint or information is entirely sufficient. The argument of counsel for relator proceeds upon the assumption that all that is charged is a breach of a rule of professional ethics by simply publishing an advertisement of relator's business as a physician. But this is a mistake. The complaint sets out, in full, the advertisement in which relator, among other things, asserts to the public his ability to speedily cure *all chronic,* nervous, blood, and skin diseases of both sexes, also *all* diseases of the eye and ear, without injurious drugs or hindrance from business; *all* old, lingering constitutional diseases, where the blood is impure, causing ulcers, blotches, sore throat and mouth, pains in the head and bones, *cured for life,* etc. The complaint further charges that relator published this advertisement for the purpose of soliciting and procuring, wrongfully and fraudulently, patients to submit themselves to medical treatment by him; and that the statements therein contained are *false,* and that relator *well knew* them to be false when he made them, and that it was intended thereby to deceive the public and impose on the credulous and ignorant. The gist of this charge is, not that he advertised his business, nor merely that the statements contained in the advertisement were false, but also that relator *knew them to be false,* and made them *with intent to deceive and impose on the public.* If true, this is unprofessional and dishonorable conduct of the grossest kind.

The further point is made that the board is assuming to exceed its jurisdiction because it cites relator to show cause, not only why his certificate should not be revoked, but also why he should not be *for- ever* debarred from practising medicine in this state. There is nothing in this point. If relator's certificate is revoked, the legal effect will be to forever debar him from the practice unless the statute is repealed, or he obtains a new certificate. As to whether a writ of prohibition

would lie at all in this case, see *State* v. *State Board of Medical Examiners, ante,* p. 387.

Writ quashed.