Upton E. Traer, Appellant, v. The State Board of Medical Examiners, *et al.*

Certiorari: REVIEW. The action of the state board of medical examiners in revoking the certificate of a practicing physician cannot be cured by *certiorari* proceedings, where it did not proceed arbitrarily or unreasonably, but considered evidence and afforded the accused opportunity to defend himself against the charges made of the nature of which he was notified. *Certiorari* is not available to review the sufficiency and competency of testimony.

Evidence: BEST: *Transcript.* A certified transcript of documents filed in the office of the clerk of the district court is under Code, 1873, section 3702, evidence of equal credibility with the original so filed.

SAME. Under Code, 1873, section 3702, making a certified transcript of equal credit with an original, a certified transcript of a coroner's return containing the written evidence and the names of witnesses before an inquisition, as required by Code, 1873, section 365, though such evidence was adduced by means of affidavits, is proper evidence before the state board of medical examiners in a proceeding to revoke a certificate to practice medicine, where it was not objected to.

**Oaths:** CONSTRUCTION OF STATUTE: *Board of medical examiners.* The provision of Acts Twenty-first General Assembly, chapter 104, that the president or any member of the board of state medical examiners may administer oaths and take testimony in relation to matters pertaining to their official duties is not exclusive and does not prevent consideration by the board of evidence not so taken.

*Appeal from Polk District.*—HON. C. P. HOLMES, Judge.

MONDAY, OCTOBER 24, 1898.

ACTION of *certiorari* to review the proceedings of the State Board of Medical Examiners which terminated in the revocation of the certificate previously issued to the plaintiff which authorized him to practice as a physician and surgeon within this state. A writ of *certiorari* was, by authority of the district court of Polk county, issued on the petition of the plaintiff, and a return made thereto. A hearing was had in that court, and judgment was rendered in favor of the defendants, the board and its members and officers, for costs. The plaintiff appeals.—*Affirmed.*

*J. D. & C. Nichols* and *Nichols & Kirkland* for appellant.

*Milton Remley,* Attorney General, for appellees.

ROBINSON, J.—The petition states that the plaintiff is a physician and surgeon and a resident of this state; that on the twenty-fourth day of January, 1887, the State Board of Medical Examiners issued to him a certificate authorizing him to practice his profession in this state; that about the thirty-first day of October, 1894, the board undertook to revoke the certificate, and, in so doing, exceeded its jurisdiction, and

acted illegally, in that no information or charge was ever preferred against the plaintiff, and no evidence was offered or produced before the board against the plaintiff, and the order of revocation was not based upon any charge or evidence.  The return to the writ made by the defendants shows the following facts:  On a date not given, a petition purporting to be signed by five physicians of O'Brien county and two physicians of neighboring counties was presented to the board. The petition asked that the certificate of the plaintiff be revoked for incompetency, and was accompanied by a certified transcript of all the evidence submitted to the coroner of O'Brien county, at an inquest held in April, 1894, upon the dead body of Mrs. Carrie B. Hitchings, and the findings of the jurors.  The evidence consisted of an affidavit made by Mrs. Hitchings the day before she died, and in the belief, as stated in the affidavit, that she could live but a short time; the testimony of several witnesses which appears to have been given in the presence of the coroner and jurors, and then taken down in writing, and signed by the witnesses; the affidavits of several persons who do not seem to have been otherwise examined; and minutes of an autopsy made for the purpose of ascertaining the cause of the death of Mrs. Hitchings, and verified by a physician who acted as clerk during the autopsy.  The minutes of the proceedings of the board show that at its meeting for May, 1894, the secretary read the petition; that it was received, and the secretary was directed to inform Dr. Traer of the charges, and to furnish him with a copy of them, and to notify him to be present at the next meeting of the board, and show cause why his certificate should not be revoked because of incompetency; that afterwards, pursuant to the direction so given, the secretary furnished Dr. Traer with a copy of the charges against him, and informed him that the case would come on for hearing at the August meeting of the board; that, at the August meeting Dr. Traer was represented by an attorney upon whose application the case was continued until the next meeting of the board; that at that meeting, which commenced on the first day of the next

November, the case was called, but Dr. Traer did not appear in person nor by any representative; that the secretary informed the board that he had notified Dr. Traer and his attorneys of the time and place of the meeting, and that he should be present and show cause why his certificate should not be revoked for palpable evidence of incompetency as charged. Thereupon the charges were read, togther with the evidence submitted to the coroner to which we have already referred. No other evidence was considered by the board. The question of revoking the certificate of the plaintiff was then submitted, and a unanimous vote of the members of the board in favor of such revocation was given. The secretary announced the vote, and the president declared that the certificate was revoked. The cause was submitted in the district court, on the petition of the plaintiff and the answer of the defendants and their return to the writ of *certiorari*, including the evidence upon which the board acted.

The only contention made by the appellant in this court is that "no evidence was ever offered or produced before the board against the appellant." This claim involves a consideration of the character of the evidence upon which, in the absence of objection made at the time, the board may act. Chapter 104 of the Acts of the Twenty-first General Assembly was designed to regulate the practice of medicine and surgery in this state. It provided for the issuing by the State Board of Examiners of certificates which would entitle the holders thereof to practice medicine, surgery, and obstetrics within the state, and authorized the board to revoke a certificate whose holder should have been convicted of a felony committed in the practice of his profession or in connection therewith, or "for palpable evidence of incompetency." The statute does not prescribe the practice to be followed in cases instituted for the revocation of certificates; and although it may, when practicable, follow somewhat the methods of the courts, yet, from the nature of the board and the character of the duties it is required to perform, a more flexible practice than that allowable in the courts must, of

necessity, be followed in many cases. The person whose right it is to hold a certificate which has been issued to him should be given a fair opportunity to meet the charges and evidence against him. What would be "palpable evidence of incomtency," within the meaning of the statute is not easy to define, although it must be sufficient to make plain and obvious the incompetency of the accused to practice as a physician and surgeon; and we are of the opinion that, in the absence of objection, evidence which tends to prove or disprove the competency of the accused my be considered, even though it is not the best evidence which could be produced for that purpose. As a general rule, affidavits are not admitted as evidence upon the trial of an issue of fact, unless as admissions against the person who made or used them. 1 Enc. Pl. & Prac, 334. See, also, *Ashbach v. Railway Co.,* 86 Iowa, 101. But the use of affidavits as presumptive evidence of material facts is authorized by statute in many instances in proceedings in court, as well as in other cases. The use of affidavits is so common and well known that it is not necessary to refer to particular cases. It was said in *Geyer v. Douglass,* 85 Iowa, 99, that "affidavits are recognized as competent evidence on the hearing of applications for temporary injunction and for other purposes, and, by agreement, they are frequently treated as competent evidence on the final hearing of a cause. There can be no objection to their being so used when all parties in interest assent to it." It is true that in this case the original affidavits, records of the oral testimony taken in writing, of the autopsy, the findings of the jurors, and the coroner's report, were not before the board; that its action in revoking the certificate was based upon a transcript of the documents and record specified; and that the plaintiff was not actually before the board when it considered the transcript, and did not formally assent to its use as evidence. But he had been duly served with notice to appear, and had done so, and obtained a continuance, at a previous meeting of the board; and it was as fully authorized

to act as though he had been before it in person or by a duly-authorized representative. The coroner who held the inquest over the dead body of Mrs. Hitchings was required to return to the district court the inquisition, the written evidence, and a list of the witnesses who testified to material matter. Code 1873, section 365. He did so. His return with the accompanying documents, was filed in the office of the clerk of the district court, and that officer certified the transcript which was used by the board. The transcript so certified was evidence of equal credibility with the originals so filed. Code 1873, section 3702. It thus appears that the transcript considered by the board was entitled to the credit which should have been given to the original document and records had they been presented to the board. We do not overlook the fact that the originals would not have been evidence in a court of law, which could have been introduced over the objection of the plaintiff; but they constituted evidence competent for some purposes, and tended to show that the certificate of the plaintiff should be revoked. Although, in law, he had the opportunity to object to their use, he did not do so. The board did not act without evidence, but, taking the view most favorable to the plaintiff, acted upon evidence which should have been excluded had objections been duly made. The provision of the statute which gave to the president or any member of the board authority to administer oaths and take testimony in matters relating to their duties as examiners, if it applied to the revocation of certificates, was not exclusive, and did not prevent the consideration by the board of evidence not so taken.

It was within the jurisdiction of the board to determine the competency and sufficiency of the evidence submitted to it, and, if it erred in admitting evidence or in giving to it undue weight, the error cannot be corrected by *certiorari* proceedings. *Hildreth v. Crawford*, 65 Iowa, 339, 345; *Association v. Schrader*, 87 Iowa, 659, and cases therein cited. The action of the board is not shown to have been arbitrary or unreasonable. On the contrary, it was

taken only after the plaintiff had been given due notice and sufficient opportunity to defend himself against the charges and the showing made; and, if an error was committed, it cannot be corrected in this action. We do not find any ground for disturbing the judgment of the district court, and it is AFFIRMED.